IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IRIS ALVAREZ,

                Plaintiff,

v.                                                 Civil Action No. 2:13-cv-26891

C. R. BARD, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are all remaining pretrial motions. All are ripe for adjudication.

**I.    Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 7,000 of which are in the C. R. Bard, Inc. MDL, MDL No. 2187. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:10-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Thereafter, I entered orders on subsequent waves. Ms. Alvarez's case was selected as a Wave 1 case by the plaintiffs. PTO # 118, No. 2:10-md-2187 [ECF No. 841].

II. **Legal Standards**

　　A. **Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the

nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the

choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as the plaintiff did here, I consult the choice-of-law rules of the state in which the implantation surgery took place. *See Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Alvarez filed this case directly into the MDL; she was implanted with the device in Florida. *See* Short Form Compl. [ECF No. 1]. Thus, the choice-of-law principles of Florida guide this court's choice-of-law analysis.

For tort claims, Florida generally applies the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). Under section 145 of the Restatement (Second) of Conflict of Laws, the court must apply the law of the state with the most significant relationship to the occurrence and the parties. Here, the plaintiff resides in Florida, and the product was implanted in Florida. The parties agree, as do I, that Florida law applies to this case. Accordingly, I will apply Florida law.

III.   Discussion

    A.   Bard's Motion for Partial Summary Judgment [ECF No. 44]

Bard's Motion for Partial Summary Judgment [ECF No. 44] is **GRANTED in part** as to the following conceded claims: manufacturing defect and breach of express and implied warranties.

"To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001); *See also Payne v. C. R. Bard, Inc.*, No. 6:11-cv-1582, 2014 WL 1887297, at *2 (M.D. Fla. 2014).

Bard contends that the plaintiff's claims for negligent inspection, packaging, marketing, and selling of the product fail for lack of evidence. The plaintiff argues that Bard misconstrues the nature of her negligence argument, and that her allegations regarding the inspection, marketing, labeling, packaging, and selling of the product comprise part of her general negligence claim, rather than distinct theories of recovery. In short, the plaintiff asserts that Bard failed to adequately study or test its mesh products to determine if the products were adequately safe.

A review of the plaintiff's Count I in the Master Complaint, Master Compl. ¶¶ 62–67, No. 2:10-md-2187 [ECF No. 199], reveals that the plaintiff asserted three distinct negligence theories under "Count I." The bulk of the Count I allegations make claims for negligent failure to warn and negligent design defect. The other negligence

5

allegations posit that Bard was "negligent . . . in designing, manufacturing, marketing, labeling, packaging, and selling" the Align. *Id.* at ¶ 64. Thus, the plaintiff's concerns that Bard is misconstruing the plaintiff's negligence claim are meritless; Bard simply chose to address the plaintiff's different theories of negligence separately. However, apart from reciting allegations that form the plaintiff's failure to warn and design defect claims, the plaintiff does not offer sufficient support to create a genuine dispute that Bard breached a legal duty that caused the plaintiff's injuries in their "inspection, marketing, labeling, packaging, or selling" of the Align. Accordingly, Bard's Motion on these points is **GRANTED.**

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, to the extent Bard's Motion challenges any other claims, the Motion is **DENIED**.

### a. Bard's Motion for Partial Summary Judgment [ECF No. 42]

The question of whether a plaintiff is entitled to punitive damages often involves an interlocking web of factual determinations respecting the defendant's conduct. The evidentiary record is frequently muddled enough on the point that genuine issues of material fact remain. That is the case here. Consequently, Bard is not, at least at this stage of the case, entitled to judgment as a matter of law on the punitive damages claim. Thus, the Motion for Partial Summary Judgment [ECF No. 42] is **DENIED**.

IV.   Conclusion

For the reasons discussed above, it is **ORDERED** that Bard's Motion for Partial Summary Judgment [ECF No. 44] is **GRANTED IN PART** with respect to the plaintiff's claims for manufacturing defect, breach of implied warranty, breach of express warranty, and negligent inspection, packaging, marketing, and selling. The Motion [ECF No. 44] is otherwise **DENIED**. It is further **ORDERED** that the Partial Motion for Summary Judgment on Punitive Damages [ECF No. 42] is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   March 21, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE